UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTERIO MAURICE ROBERTS, | No. 2: 20-cv-0872 KJN P |
| Petitioner, | |
| v. | ORDER |
| NEIL McDOWELL, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's motion to stay this action in order to exhaust additional claims.  (ECF No. 5.)  For the reasons stated herein, petitioner is ordered to show cause why his motion to stay should not be denied.

This action proceeds on petitioner's original petition filed April 29, 2020.  (ECF No. 1.) Petitioner challenges his 2016 conviction for murder from Sacramento County.  (Id.)

The petition raises the following claims.  In claim one, petitioner alleges that the trial court committed jury instruction error by instructing the jury on landlord/tenant law which had no bearing on the relevant issues.  (Id. at 17.)  In claim two, petitioner alleges that the trial court committed jury instruction error by denying his request for a pinpoint instruction clarifying the imperfect self-defense.  (Id. at 28.)  In claim three, petitioner alleges that the trial court violated his right to a fair trial by denying the defense motion to exclude Edward White's statement.  (Id.

1

at 34.) In claim four, petitioner alleges that the prosecutor committed misconduct in three instances: 1) the prosecution's play on sympathy for the victim; 2) the prosecutor's argument encouraging the jury to evaluate the evidence according to community sentiment rather than the law; and 3) instructing the jurors to remove themselves from the jury. (Id. at 35.) In claim five, petitioner alleges that the trial court violated his right to a fair trial and his Sixth Amendment right to confrontation by ruling that Roberts could not cross-examine Jasmine Mann about the circumstances of her assault with a deadly weapon case. (Id. at 40.) In claim six, petitioner alleges that the trial court violated his right to a fair trial when it failed to grant his motion for a new trial based on the prosecutor's Brady[1] violation and the prosecutor's failure to correct false testimony. (Id. at 42.) In claim seven, petitioner alleges cumulative error. (Id. at 47.)

In the petition, petitioner alleges that he exhausted claims one through seven raised in the instant petition on direct review. (Id. at 16.) Petitioner alleges that he has filed a habeas corpus petition in the Sacramento County Superior Court raising a claim alleging that the prosecutor committed Brady error and failed to correct false testimony by a witness based on new information about other prosecutorial misconduct. (Id. at 3.) Petitioner moves to stay this action in order to exhaust the claim now pending in the Sacramento County Superior Court. (ECF No. 5.)

Petitioner requests that the court stay the instant proceeding pursuant to Rhines v. Weber, 544 U.S. 269 (2005). "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them in state court." King v. Ryan, 564 F.3d 1133, 1139 (9th Cir. 2009).[2]

////

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

[2] "In contrast, the three-step procedure outlined in Kelly [v. Small, 315 F.3d 1063 (9th Cir. 2003)] allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed." King, 564 F.3d at 1139–40 (citing Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005)). "Kelly is not only a more cumbersome procedure for petitioners, but also a riskier one. A petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." King, 564 F.3d at 1140–41.

It does not appear that the instant petition raises the unexhausted claim currently pending in the Sacramento Superior Court.  In claim six, petitioner alleges that the trial court violated his right to a fair trial when it denied his motion for a new trial based on the prosecutor's Brady violation.  It appears that the unexhausted claim is based on the same Brady violation alleged in claim six.  However, the petition does not contain a separate claim alleging that the prosecutor violated Brady.  Therefore, the instant petition is not a mixed petition, i.e., it does not contain petitioner's exhausted and unexhausted claims.  For that reason, the instant petition does not qualify for a stay pursuant to Rhines.

Accordingly, IT IS HEREBY ORDERED that petitioner shall show cause within thirty days of the date of this order why his motion to stay should not be denied for the reasons discussed above; in the alternative, petitioner may file an amended petition that meets the requirements for a stay pursuant to Rhines v. Weber.

Dated:  August 6, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Rob872.fb