UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTERIO MAURICE ROBERTS,<br><br>Petitioner,<br><br>v.<br><br>NEIL McDOWELL,<br><br>Respondent. | No. 2: 20-cv-0872 KJN P<br><br>ORDER & FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion to stay this action in order to exhaust additional claims. (ECF No. 5.) For the reasons stated herein, the undersigned recommends that petitioner's motion to stay be granted.

Background

Petitioner filed the original petition on April 29, 2020. (ECF No. 1.) This action proceeds on petitioner's second amended petition filed October 14, 2020. (ECF No. 12.) Petitioner challenges his 2016 conviction for murder from Sacramento County. (Id.)

The petition raises the following claims. In claim one, petitioner alleges that the trial court committed jury instruction error by instructing the jury on landlord/tenant law which had no bearing on the relevant issues. (Id. at 17-27.) In claim two, petitioner alleges that the trial court committed jury instruction error by denying his request for a pinpoint instruction clarifying the

1

imperfect self-defense. (Id. at 28-34.) In claim three, petitioner alleges that the trial court violated his right to a fair trial by denying the defense motion to exclude Edward White's statement. (Id. at 34-35.) In claim four, petitioner alleges that the prosecutor committed misconduct in three instances: 1) the prosecution's play on sympathy for the victim; 2) the prosecutor's argument encouraging the jury to evaluate the evidence according to community sentiment rather than the law; and 3) instructing the jurors to remove themselves from the jury. (Id. at 35-39.) In claim five, petitioner alleges that the trial court violated his right to a fair trial and his Sixth Amendment right to confrontation by ruling that petitioner could not cross-examine Jasmine Mann about the circumstances of her assault with a deadly weapon case. (Id. at 40-42.) In claim six, petitioner alleges that the trial court violated his right to a fair trial when it failed to grant his motion for a new trial based on the prosecutor's Brady[1] violation and the prosecutor's failure to correct false testimony. (Id. at 42-46.) In claim seven, petitioner alleges that the prosecutor failed to turn over material impeachment evidence, in violation of Brady and Giglio[2]. (Id. at 46-51.) In claim eight, petitioner alleges the prosecutor violated his right to due process by failing to correct false testimony. (Id. at 51-52.) In claim nine, petitioner alleges cumulative error. (Id. at 52-53.)

In the second amended petition, petitioner alleges that he has exhausted all claims except for claims six and seven. (Id. at 12.) In the second amended petition, and pending motion to stay, petitioner requests that this action be stayed pursuant to Rhines v. Weber, 544 U.S. 269 (2005) so that he may exhaust these unexhausted claims.

Analysis

A petitioner in state custody proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).
[2] Giglio v. United States, 405 U.S. 150 (1972).

Under Rhines, "stay and abeyance [is] available only in limited circumstances," and only when: (1) there is "good cause" for the failure to exhaust; (2) the "unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 277–78.

*Good Cause*

Petitioner argues that there is good cause to stay this action because were he to voluntarily dismiss this action to comply with the exhaustion requirement, he would miss the May 13, 2020 deadline for filing a timely federal petition. Petitioner states that he is filing a "protective petition" pursuant to Pace v. DiGuglielmo, 544 U.S. 408 (2005).

According to the second amended petition, the California Supreme Court denied his petition for review on February 13, 2019. (ECF No. 12 at 3.) Petitioner's conviction became final 90 days later on May 14, 2019. The statute of limitations ran one year later on May 14, 2020. Petitioner filed his original petition on April 29, 2020. (ECF No. 1.)

Where a petitioner is unsure whether state proceedings for post-conviction relief are "properly filed" under 28 U.S.C. § 2244(d)(2)[3], he may file a "protective petition" in federal court and ask for a stay and abeyance of the federal habeas proceedings until he exhausts his state remedies. Rhines, 544 U.S. at 278. By filing a protective petition, a petitioner seeks to avoid a determination that a federal habeas petition is time-barred after months or years of litigating in state court. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." Id.

In the second amended petition, petitioner alleges that the Sacramento County Superior Court denied his petition raising his unexhausted claims on June 5, 2020. (ECF No. 12 at 3-4.) Petitioner alleges that his habeas corpus petition raising his unexhausted claims is pending in the California Court of Appeal. (Id. at 4.)

---

[3] "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2254(d)(2).

3

The second amended petition does not state when petitioner filed his habeas petitions in the Sacramento County Superior Court and the California Court of Appeal. However, the Superior Court addressed the merits of petitioner's habeas petition. (See ECF No. 8 at 138-41.) In other words, the Superior Court did not find deny the petition as untimely. The undersigned also observes that on October 16, 2020, the California Court of Appeal summarily denied petitioner's habeas petition, no. C092784. (See appellatecases.courtinfo.ca.gov.) As discussed herein, petitioner has informed the court that he plans to file his habeas corpus petition in the California Supreme Court by January 31, 2021.

Although the Superior Court addressed the merits of petitioner's habeas petition, the undersigned finds that petitioner's pro se status in his state petitions supports his claim that he is reasonably uncertain regarding the timelines of his state petitions.[4] Accordingly, the undersigned finds that petitioner has shown good cause for his failure to exhaust his unexhausted claims. See Dixon v. Baker, 847 F.3d 714, 721-22 (9th Cir. 2017) (fact that petitioner was without counsel in state post-conviction proceedings can constitute good cause under Rhines).

*Potentially Meritorious*

After reviewing the second amended petition, the undersigned finds that petitioner's unexhausted claims are potentially meritorious. (See ECF No. 12 at 46-52.)

*Intentional Dilatory Tactics*

In Rhines v. Weber, Supreme Court stated, "…if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." 544 U.S. at 278.

On December 30, 2020, the undersigned issued an order observing that state court records reflected that the California Court of Appeal denied petitioner's habeas corpus petition on October 16, 2020. (ECF No. 13.) The undersigned ordered petitioner to file briefing addressing whether he had filed his habeas corpus petition in the California Supreme Court and, if not, the

---

[4] The proof of service in the order by the Sacramento County Superior Court denying petitioner's habeas corpus petition demonstrates that petitioner proceeded pro se with this state habeas petition. (ECF No. 8 at 142.) The undersigned reasonably assumes that petitioner is proceeding pro se with the petitions filed in the California Court of Appeal and California Supreme Court.

reasons for his failure to do so. (Id.)

On January 12, 2021, petitioner filed a letter with the court stating that he was preparing his petition for filing in the California Supreme Court. (ECF No. 14.) Petitioner stated that he expected to file his petition in the California Supreme Court no later than January 31, 2021. (Id.)

The undersigned is concerned by petitioner's delay in filing his petition in the California Supreme Court. Nevertheless, the undersigned does not find that petitioner has engaged in abusive litigation or intentional delay tactics.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that petitioner's motion for a stay (ECF No. 5) be granted; the Clerk of the Court be directed to administratively stay this action; petitioner be ordered to notify the court of the exhaustion of state court remedies within thirty days of the filing of the order by the California Supreme Court addressing his habeas petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 27, 2021

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Rob872.156.